IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

---

| | |
|---|---|
| FAYE SLICE, | Cause No. CV 05-191-M-DWM-JCL |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| WARDEN JO ACTON, | |
| Respondent. | |

---

On November 22, 2005, Petitioner Faye Slice filed this action seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Slice is a state prisoner proceeding pro se.

On January 18, 2006, United States Magistrate Judge Leif B. Erickson ordered Slice to show cause why her procedural default of her state judicial remedies should be excused. Slice responded on January 30, 2006. She then filed addenda to her response on January 31 and May 31, 2006.

On September 6, 2006, Slice was directed to file an application with the Ninth Circuit Court of Appeals for leave to file a second or successive petition.

On September 22, 2006, Slice filed a Status Report. She states that she "cannot" file with the circuit because her previous

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

habeas petition, Slice v. Acton, No. CV 04-126-BLG-RWA, did not raise the same issues. See Status Report (doc. 10) at 1.

Slice is mistaken. It is not relevant that her petition in No. CV 04-126-BLG-RWA did not raise the same issues.[1] The petition in No. CV 04-126-BLG-RWA was predicated on the calculation of the time remaining on sentences she now attempts to challenge as illegal or as exceeding the sentencing court's jurisdiction. As the governing statute – which was contained in the Court's Order to Apply to the Ninth Circuit for Leave to File – plainly says:

> A claim presented in a second or successive habeas corpus application under section 2254 *that was not presented in a prior application* shall be dismissed unless–
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the

---

[1] The dismissal without prejudice of Slice's petition in Slice v. Acton, No. CV 04-27-M-DWM-LBE (D. Mont. Mar. 18, 2005), did not confuse the Court. That case is not relevant to the decision here.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

>            underlying offense.
>
> (3)   (A) Before a second or successive application
>       permitted by this section is filed in the
>       district court, the applicant shall move in
>       the appropriate court of appeals for an order
>       authorizing the district court to consider the
>       application.
>
>       (B) A motion in the court of appeals for an
>       order authorizing the district court to
>       consider a second or successive application
>       shall be determined by a three-judge panel of
>       the court of appeals.
>
>       (C) The court of appeals may authorize the
>       filing of a second or successive application
>       only if it determines that the application
>       makes a prima facie showing that the
>       application satisfies the requirements of this
>       subsection.
>
>       (D) The court of appeals shall grant or deny
>       the authorization to file a second or
>       successive application not later than 30 days
>       after the filing of the motion.
>
>       (E) The grant or denial of an authorization by
>       a court of appeals to file a second or
>       successive application shall not be appealable
>       and shall not be the subject of a petition for
>       rehearing or for a writ of certiorari.
>
> (4)   A district court shall dismiss any claim
>       presented in a second or successive application
>       that the court of appeals has authorized to be
>       filed unless the applicant shows that the claim
>       satisfies the requirements of this section.

28 U.S.C. § 2244(b)(2) (emphasis added).

Pursuant to the statute, Slice may not proceed in this Court with her second petition relating to the judgment issued against her in Montana's Fourth Judicial District Court. Because Slice was

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

given an opportunity to apply to the Ninth Circuit and failed to do so, her petition should be dismissed as an unauthorized second or successive petition.

Finally, the Court should deny a certificate of appealability. The statute is clear. Slice is simply not entitled to file serial habeas petitions challenging one judgment. Reasonable jurists would not contend that she should be permitted to proceed without first seeking leave to do so from the Ninth Circuit Court of Appeals.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

Slice's Petition (doc. 3) should be DISMISSED as an unauthorized second or successive petition. A certificate of appealability should be DENIED.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Petitioner. Petitioner is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[2] after the entry date reflected on the Notice of Electronic Filing,

---

[2] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

or objection is waived.

Slice must immediately inform the Court of any change in her mailing address. Failure to do so may result in dismissal of this case without notice to her.

DATED this _13th_ day of November, 2006.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge